UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>            v.<br><br>Liliana Serrato-Araque,<br><br>                      Defendant. | Criminal Case No. 07MJ2808-RBB<br><br>**FINDINGS OF FACT AND ORDER OF DETENTION** |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 *et seq.*), this Court conducted a detention hearing on December 6, 2007, to determine whether Liliana Serrato-Araque (hereinafter "Defendant") should be held in custody pending trial, on the grounds that he is a flight risk. Assistant U.S. Attorney Fred Sheppard appeared on behalf of the United States. Attorney Robert Henssler appeared on behalf of Defendant.

Based on the evidence proffered by the United States and by Defendant, the Pretrial Services Report, and the Complaint, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required.

# I.

# FINDINGS OF FACT

**A.   Nature and Circumstances of the Offenses Charged (18 U.S.C.§ 3142(g)(1))**

1.   Defendant is charged in Criminal Complaint No. 07M2808-RBB with Misuse of a Passport, in violation of 18 U.S.C. §1544.  The nature of the charges favors the setting of bail.

**B.   Weight of the Evidence Against Defendants (18 U.S.C.§ 3142(g)(2))**

1.   On December 4, 2007, Defendant entered the United States from Mexico through the San Ysidro, California Port of Entry.

2.   Defendant presented a U.S. passport in the name of another individual that had been reported lost or stolen in April 2005.

3.   Upon being questioned by law enforcement, Defendant initially stated that a friend of hers lent her the passport to use and provided another alias name to law enforcement.

4.   After being fingerprinted by law enforcement, Defendant's identity was revealed and only when confronted with the resulting fingerprints did Defendant provide her true name.

5.   An inspection of Defendant's belongings revealed a Columbian passport in the name of the individual listed on the U.S. passport but displaying a photograph of Defendant.  In addition, two Columbian identification cards in the name of the individual listed on the U.S. passport were also found on Defendant's person.  The weight of the evidence favors detention.

**C.   History and Characteristics of Defendants (18 U.S.C.§ 3142(g)(3))**

1.   Defendant is a citizen and resident of the Republic of Columbia and has not resided in the Southern District of California.  This weighs in favor of detention.

2.   Defendant has no identifiable family ties to the Southern District of California, which weighs in favor of detention.

3.   Defendant is not employed in the Southern District of California, and does not

2

have any identifiable financial resources that would anchor her to this community. Both factors weigh in favor of detention.

4.   Defendant does not have any other ties to the Southern District of California that would anchor her to this community.

5.   There is no indication of any prior use of alcohol or controlled substances by Defendant, which favors the setting of bail.

6.   Defendant does not appear to have any prior criminal history or court appearances, which weighs in favor of detention.

## II.

## **REASONS FOR DETENTION**

A.   There is probable cause to believe that Defendant committed the offense charged in Criminal Complaint No. 07MJ2808-RBB; namely Misuse of a Passport, in violation of 18 U.S.C. §1544.

B.   Defendant does not have ties to the United States, in general, or the Southern District of California, in particular, that would anchor her to this community.

C.   The Court finds, by a preponderance of evidence, that the Government has carried the burden of establishing that no condition or combination of conditions will reasonably assure the appearance of Defendant as required.

## III.

## **ORDER**

IT IS HEREBY ORDERED that Defendant Liliana Serrato-Araque be detained pending trial in this matter.

IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the

1 | extent practicable, from persons awaiting or serving sentences or being held in custody pending
2 | appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel.
3 |       While in custody, upon order of a court of the United States or upon the request of an
4 | attorney for the United States, the person in charge of the correctional facility shall deliver
5 | Defendant to the United States Marshal for the purpose of an appearance in connection with a court
6 | proceeding or any other appearance stipulated to by defense and government counsel.

      THIS ORDER IS ENTERED WITHOUT PREJUDICE.

      IT IS SO ORDERED.

DATED: December 11, 2007

THE HONORABLE Ruben B. Brooks
United States Magistrate Judge

Prepared by:

_____

Fred Sheppard
Assistant U.S. Attorney

cc: Robert Henssler, Esq.

4